[No. 18420.    Department One.    May 13, 1924.]

A. E. SHAW, *Appellant,* v. SPOKANE SAVINGS & LOAN SOCIETY, *Respondent.*[1]

VENDOR AND PURCHASER (109, 114)—RIGHTS AND LIABILITIES AS TO THIRD PERSONS—ASSIGNEES OF CONTRACT—FORFEITURE OF CONTRACT BY VENDOR—EFFECT. A judgment of forfeiture for non-payment of installments due on a contract for the purchase of land, in an action against the vendee, who was in possession, is a final adjudication of the vendee's rights, and conclusive upon assignees of the vendee where the vendee had never so assigned his rights as to compel the vendor to look to or deal with any other person as a prospective purchaser.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered May 19, 1923, upon granting a nonsuit, dismissing an action for damages. Affirmed.

*F. A. M'Master,* for appellant.

*Hamblen & Gilbert,* for respondent.

PARKER, J.—The plaintiff, Shaw, seeks recovery of damages from the defendant, Spokane Savings & Loan Society, claimed to have resulted to him from its sale and disposition of certain dwelling property owned by it, in which the plaintiff claimed an interest as the successor in interest of one Finney under a contract for the sale of the property by the defendant to Finney. The cause proceeded to trial upon the merits in the

[1]Reported in 225 Pac. 438.

superior court for Spokane county sitting with a jury. At the close of the introduction of evidence in behalf of plaintiff, the trial court, upon motion of counsel for the defendant, withdrew the cause from the consideration of the jury and decided, as a matter of law, that plaintiff could not recover, and rendered judgment accordingly, from which the plaintiff has appealed to this court.

The undisputed controlling facts as disclosed by this record, freed from the large amount of chaff from which they have to be culled, render our problem quite simple. They may be summarized as follows: On October 24, 1918, respondent savings and loan society was the owner of the property in question. On that day it entered into a contract for the sale of the property to Finney, by the terms of which contract he made a small payment upon the purchase price and was thereafter to make monthly payments of $30 each, with interest on such deferred installments, until the whole of the purchase price should be so paid. The contract contained forfeiture provisions as follows:

"Time is hereby declared to be of the essence of this agreement, and should the purchaser fail or neglect to make any of the payments above provided, . . . then this contract may be declared forfeited, at the option of the vendor and all the payments made by the purchaser under this contract shall thereupon be forfeited to the vendor and be taken and considered as liquidated damages for said breach, and the vendor is hereby expressly given the right upon any such default, and upon the forfeiture of this contract to re-enter the premises above described without notice and remove all persons therefrom, and this contract shall be their authority therefor."

Finney immediately entered into possession and enjoyment of the property under that contract, and continued in possession and enjoyment of the property

until he was ousted therefrom under a judgment of forfeiture of the contract and his rights thereunder, in favor of respondent. On February 16, 1922, Finney entered into a contract for the sale of the property by him to one Williams. On March 31, 1922, Williams assigned his interest in that contract to one Mrs. Bauer. On July 15, 1922, Mrs. Bauer assigned her interest in that contract to one Daniel. On August 15, 1922, Daniel assigned his interest in that contract to one Alvis. Appellant claims to have acquired such interest in that contract that, through these several mesne assignments, he became vested with Finney's right under his contract for the purchase of the property from respondent.

We shall assume for argument's sake that appellant did become vested with whatever interest these assignees had acquired in the contract for the sale of the property from Finney to Williams, though this seems very doubtful. There was never any privity of contract between respondent and anyone else other than with Finney. His contract for the purchase of the property from respondent was never assigned by him to anyone, nor did respondent ever agree to look to anyone other than Finney as a prospective purchaser of the property. It is true that there is some testimony given by Alvis and Shaw that sometime early in July, 1922, they were advised by officers of respondent that the contract for the sale of the land from it to Finney was then in good standing, and also that there was some further conversation between them and officers of respondent that respondent would accept payments upon the contract from them, if timely made. No payments, however, were tendered by them or anyone else until late in September, 1922; just when is not made certain; but, in any event, it was after several install-

ments were clearly in default and respondent had elected to exercise its right of forfeiture under its contract for the sale of the property to Finney. Respondent had then or was about to commence an action against Finney seeking a forfeiture of his rights under the contract and the recovering of possession of the property from him, he still being in possession of the property. Such action was commenced by respondent against Finney on September 28, 1922, and resulted in a judgment of forfeiture and ouster of Finney, which was rendered on November 28, 1922. Respondent having thus secured adjudication of the forfeiture of Finney's rights under his contract of purchase, and also the possession of the property from him, thereafter sold the property to another; resulting in putting the property beyond the reach of appellant and his assignees, whose claimed rights rested solely upon the contract for the sale of the property made by Finney to Williams and the subsequent assignments thereof.

This summary of the facts, it seems to us, leaves little to be said in support of the claim of appellant here asserted. The judgment of forfeiture rendered in favor of respondent and against Finney was a final adjudication of the termination of Finney's rights under his contract for the purchase of the property from respondent. He was the only party defendant necessary to the final determination of all rights by whomsoever claimed under that contract of purchase, since he had never assigned his rights thereunder so as to compel respondent to look to or deal with any other person as a prospective purchaser from it.

The judgment is affirmed.

MAIN, C. J., TOLMAN, HOLCOMB, and MACKINTOSH, JJ., concur.